UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05cv-109-R

MERCY HEALTH PARTNERS-
LOURDES, INC.                                                                                                PLAINTIFF

v.

KDA HOLDINGS, INC.                                                                                     DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant KDA Holdings, Inc.'s ("KDA") Partial Motion for Summary Judgment, as to Counts II and III of the Complaint (Docket #23). The Plaintiff, Mercy Health Partners-Lourdes, Inc. ("Lourdes") has responded (Docket #34), and KDA has replied to Lourdes' response (Docket #38). This matter is now ripe for adjudication. For the following the reasons, the Defendant's Motion is **DENIED** at this time.

## BACKGROUND

This matter concerns claims of fraud by omission and a violation of KRS 514.070. KDA is a design development and construction management services firm. KDA entered into a Project Agreement ("Agreement") with Lourdes on August 15, 2002, for the design, project management and the construction of the Marshall Nemer Pavilion ("Project") located at Lourdes' campus in Paducah, Kentucky. The Agreement provided for monthly payments made to KDA from Lourdes, which included fees to be paid to subcontractors, based on a detailed break-down of what was needed for each stage of the Project. With each payment that was submitted by Lourdes to KDA, KDA provided a pay application, which was designed by the American Institute of Architects ("AIA"). For the first sixteen (16) of the twenty-seven (27) pay applications, KDA provided Lourdes with an AIA pay application, which stated in pertinent part:

> [t]he undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that the current payment shown herein is now due.

Beginning with pay application number seventeen (17), the language of the pay application changed. This was never brought to the attention of Lourdes by KDA when the change took place, and KDA has not indicated why it changed the language. For the eleven (11) remaining pay applications, the language stated, in pertinent part:

> [t]he undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, *and that upon receipt of this Certificate for Payment, the Contractor intends to pay outstanding bills for the Certificate of Payment*. (emphasis added).

The altered pay application was not approved or designed by the AIA. At the time KDA altered the pay application, which was executed by Nix, Lourdes had already paid KDA $3,362,806 more than KDA had paid out to its contractual commitments.

In the autumn of 2002, cost overruns on the construction began. At no point when Lourdes was paying the monthly installments to KDA did anyone from KDA inform Lourdes of these overruns. However, the overruns did not take place until after the parties entered into the Agreement and KDA had a $4 million cost cushion. Dennis Hastings ("Hatsings"), sole owner of KDA, and Chip Nix, Senior Vice President of KDA, both testified that they did not know of the cost overruns until the very end of the project; however, both men testified that monthly cost reports were generated tracking the project costs and that each of them viewed these reports.

In December 2004, after the completion of the Project, Lourdes was informed by the subcontractors on the project that KDA owed vendors $1,810,302.89. As a result, numerous

2

liens were filed or threatened to be filed against the hospital property. Lourdes was forced to pay $1.3 million of these claims. Total subcontractor costs totaled $12,045,490. KDA received $11,075,917 from Lourdes from subcontractor costs, but paid only $10,245,490 to subcontractors. Lourdes asserts that this means KDA received $830,447 more than it paid to subcontractors.[1]

Lourdes contends that KDA committed fraud by omission and/or concealment against Lourdes, and violated KRS 514.070. In their motion for summary judgment, the Defendant argues that KDA did not violate KRS 514.070 because Lourdes has failed to show that KDA dealt with the property of Lourdes as their own and cannot show that KDA had the intent to do so.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case."

---

[1] There is a dispute between the parties as to the exact figure.

*Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence.  To support this position, he must present evidence on which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The partial motion for summary judgment submitted by KDA petitions the Court to dismiss Counts II and III of the complaint.  However, the Defendant only addresses Count III of the complaint in its argument section.  Accordingly, the Defendant's motion for summary judgment as to Count II of the complaint, fraud by omission, is denied.  The Court will address the Defendant's argument as to Count III of the complaint; whether KDA violated KRS 514.070.

### *KRS 514.070*

KRS 514.070, part of the Kentucky Penal Code, states in pertinent part:

(1) A person is guilty of theft by failure to make required disposition of property received when:
(a) He obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its

>  proceeds or from his own property to be reserved in equivalent amount; and
>  (b) He intentionally deals with the property as his own and fails to make the required payment or disposition.

In *Reeder*, the Supreme Court of Kentucky held that KRS 446.070 "creates a private right of action for the violation of any statute so long as the plaintiff belongs to the class intended to be protected by the statute." *State Farm Mutual Automobile Insurance Company v. Reeder*, 763 S.W.2d 116, 118 (Ky.1988). The Plaintiff cites the Kentucky Supreme Court case of *Butts v. Commonwealth*, 581 S.W.2d 565 (Ky. 1979) in support of its argument that the Defendant violated KRS 514.070. The Defendant contends that it did not divert funds received from Lourdes, and that Lourdes has not offered in any evidence to support its liability under KRS 514.070.

The Court is unable to state with complete confidence that there is not an issue of material fact at this time. Leaving this claim in at this time will not significantly alter the proof at trial. The viability of the claim will be easier to determine at the close of the evidence.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **DENIED** at this time.

An appropriate order shall issue.